UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTIE B. LAY, | 1:12-cv-1250-JLT  (HC) |
| Petitioner, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 9) |
| GILL, | ORDER DENYING PETITIONER'S |
| Respondent. | MOTION TO HALT TRANSFER (Doc. 9) |
| _____/ | |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The instant petition was filed on July 31, 2012, challenging the manner in which Petitioner's sentence is being executed.  (Doc. 1).  On August 14, 2012, the Court ordered Respondent to file a response to the petition within sixty days.  (Doc. 5).  On August 31, 2012, Petitioner filed the instant motion, requesting the appointment of counsel and requesting issuance of an order precluding Respondent from transferring Petitioner to another prison facility.  (Doc. 9).

Regarding Petitioner's request for counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present

time. Thus, the Court will deny that motion.

Regarding Petitioner's motion to halt his transfer to another prison facility, apparently a facility in Allenwood, Pennsylvania, the Court sees no grounds to intervene in the internal administration of the prisons by Respondent. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...." Sandin v. Conner, 515 U.S. 472, 482 (1995). In Procunier v. Martinez, 416 U.S. 396, 404-405 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989), the Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration. In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions. More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

Procunier, 416 U.S. at 404-405.

Here, Petitioner suggests that it would be more economical to retain Petitioner in this district rather than transferring him to Pennsylvania and then "come right back for my court hearing." (Doc. 9, p. 2). Petitioner appears to misunderstand the nature of habeas proceedings. Normally, decisions on the merits of a habeas petition are made on the submitted pleadings, evidence, and briefs, without further hearing or argument. Evidentiary hearings are only required in extraordinary situations when disputed issues of fact pertinent to the merits decision arise. At this juncture, Respondent has not filed a response, nor has Petitioner filed a traverse. Thus, it is premature to assume that there will be disputed issues of fact that require an evidentiary hearing. Should that

occur, then the Court will consider scheduling such a hearing.  However, at present, the mere possibility that an evidentiary hearing might be required is insufficient for the Court to intervene in the internal administrative decisions of Respondent.

## **ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Petitioner's motion for appointment of counsel (Doc. 9), is DENIED; and,
2. Petitioner's motion to halt his transfer to another prison facility (Doc. 9), is DENIED.

IT IS SO ORDERED.

Dated:   **September 6, 2012**                                      /s/ Jennifer L. Thurston
                                                                                         UNITED STATES MAGISTRATE JUDGE