UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTIE B. LAY,<br><br>            Petitioner,<br><br>      v.<br><br>GILL, Warden,<br><br>            Respondent. | Case No.: 1:12-cv-01250-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS OR, ALTERNATIVELY, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS ON THE MERITS (Doc. 16)<br><br>ORDER DENYING PETITIONER'S MOTION TO APPEAR (Doc. 12)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>NO CERTIFICATE OF APPEALABILITY IS REQUIRED |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

The instant petition was filed on July 31, 2012. (Doc. 1). On August 14, 2012, the Court ordered Respondent to file a response. (Doc. 5). On October 16, 2012, Respondent filed the instant motion to dismiss, or alternatively, the answer to the petition. (Doc. 16). Petitioner has not filed a response. However, on September 21, 2012, Petitioner filed a motion to appear, in which he asks for an order to the Bureau of Prisons permitting him to be present in this Court during proceedings on

1

1  this case. (Doc. 12). Both parties have filed their written consent to the jurisdiction of the
2  Magistrate Judge for all purposes. (Docs. 4 & 18).

### JURISDICTION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

Here, to the extent that Petitioner alleges he is being unlawfully denied credit against his federal sentence, Petitioner is challenging the execution of his sentence rather than its imposition, and his petition is proper under 28 U.S.C. § 2241. However, to the extent that Petitioner is challenging the sentence itself or the execution of the plea agreement on which the sentence was based, the Court lacks habeas corpus jurisdiction since such challenges must be raised in a petition pursuant to 28 U.S.C. § 2255. In addition, Petitioner was incarcerated at FCI Mendota at the time of filing of the petition. FCI Mendota lies within the Eastern District of California, Fresno Division, so this Court is authorized to proceed.

**DISCUSSION**

    A.  <u>Procedural Grounds for Motion to Dismiss</u>

As mentioned, Respondent has filed a Motion to Dismiss the petition to the extent that Petitioner's claim "implicates the imposition of the sentence including any claim for specific performance of the plea agreement or alleged violation of the plea agreement." (Doc. 16, p. 7). Alternatively, Respondent contends that the Bureau of Prisons ("BOP") properly calculated Petitioner's credits. (<u>Id</u>.). Thus stated, Respondent's basis for Respondent's motion to dismiss is lack of habeas corpus jurisdiction to address a challenge to the imposition of sentence, which must be brought pursuant to 28 U.S.C. § 2255, not in a habeas corpus proceeding.

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

    In this case, Respondent's Motion to Dismiss is based on Respondent's contention that the Court lacks habeas jurisdiction over the claims raised in the petition. This contention is similar procedurally to a claim of lack of exhaustion. Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. <u>O'Bremski</u>, 915 F.2d at 420.

    B.  <u>Factual Background</u>.

On September 16, 1998, Petitioner was a passenger in a motor vehicle and was arrested by police in Nashville, Tennessee after a traffic stop led to discovery of firearms around the passenger's

seat where Petitioner had been sitting. (Doc. 16, Declaration of J.R. Johnson ("Johnson Dec."), p. 3). Petitioner was on parole at the time from a nine year sentence imposed for a 1996 state conviction for second degree burglary and aggravated assault. (Id.). This arrest resulted in Petitioner's parole being revoked on October 22, 1998. (Id.). Thus, on that date, he began serving the remainder of his sentence for the 1996 conviction, which amounted to six years, nine months, and 27 days. (Id.). On March 10, 1999, Petitioner was indicted on the charge of convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a). (Id.).

An arrest warrant was issued and an order to produce Petitioner was issued to state authorities on April 2, 1999, and April 13, 1999, to "borrow" Petitioner for the purpose of being arraigned on the federal charges. (Id.). On April 26, 1999, Petitioner was temporarily released to the U.S. Marshals Service pursuant to the federal writ and the arrest warrant was executed. (Id., at p. 4). On December 8, 1999, Petitioner was sentenced in the United States District Court for the Middle District of Tennessee to serve 188 months in prison for being a felon in possession of a firearm with an enhancement of at least fifteen years for violation of 18 U.S.C. § 924. (Id.). This federal sentence was ordered to run concurrently with Petitioner's state sentence resulting from the parole revocation. (Id.). Petitioner was released by the State of Tennessee Department of Corrections on July 13, 2005 to the custody of Respondent to serve whatever remained on his federal sentence. (Id.). The BOP has computed Petitioner's 188-month federal sentence as commencing on the date it was imposed, December 8, 1999. (Id.).

The BOP then considered whether Petitioner was entitled to receive credit for any of the time he spent in state custody after the federal date of offense but before his federal sentence commenced under 18 U.S.C. § 3585(b). (Id., pp. 4-5). The BOP concluded that all official detention between September 16, 1998 and December 7, 1999 was credited toward completion of the state sentence and therefore was not creditable toward the federal sentence. (Id., p. 5). Petitioner is presently projected to be released on October 16, 2014, assuming Petitioner earns all possible good time credits available to be earned. (Id., p. 2).

On October 21, 2011, Petitioner filed a Request to Correct Sentence in the U.S. District Court for the Middle District of Tennessee. (Id., p. 5). In that filing, Petitioner contended that he

4

1  was in federal custody from September 16, 1998 until December 8, 1999, and that the trial judge had

2  granted him credit for time served and ran that federal sentence concurrently with his state sentence.

3  Ultimately, the district court concluded it lacked jurisdiction and that any computation of the federal

4  sentence was entirely within the purview of the BOP, but then noted as follows:

> The defendant is informed that this court sentenced him, on December 8, 1999, to serve a term of 188 months in the Bureau of Prisons, which sentence was to run concurrently with the state sentence he was presently serving. His parole was revoked, as a result of the federal charges, on October 22, 1998 in the Wilson County, Tennessee Criminal Case No. 12314, and the state sentence was put into effect. *He was not arrested on the federal offense until April 26, 1999, and the Bureau of Prisons should have given him credit on the federal sentence from at least April 26, 1999 until the date of sentencing, December 8, 1999.*

(Id., p. 6). (Emphasis supplied.)

C.  The Court Lacks Jurisdiction Over Any Challenge To Petitioner's Sentence Itself.

In his petition, Petitioner contends that

> "my plea agreement was sentence to run concurrent with state time from the day I was arrested April 1999 not the day sentence was imposed 12-08-99. [Sic] I would not plead guilty otherwise. I wrote the judge in my case, Trauger. She and the United States Attorney agreed my sentence should have started in April not December. I filed for administrative remedy. The BOP refuses to agree with the plea agreement. That should "void the agreement."

(Doc. 1, p. 6).

Respondent takes the position that, to the extent that gravamen of Petitioner's claim is a violation of the plea agreement, i.e., a sentencing challenge, rather than a direct challenge to the BOP's computation of his federal credits, i.e., a challenge to the execution of the sentence, the Court lacks jurisdiction and the matter should be raised in the sentencing court pursuant to 28 U.S.C. § 2255. The Court agrees.

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally

attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegation that the plea agreement has been violated by Respondent represents, in the Court's view, a challenge to the sentence itself which can only be made pursuant to § 2255, not in a habeas corpus proceeding.  Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."  Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Here, the Presentence Investigative Report indicates that, in making the plea agreement, Petitioner waived his right to challenge his sentence pursuant to § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Doc. 16, Attach. 3). This raises a legitimate issue of whether Petitioner has had, or can ever have, an unobstructed procedural shot at raising his sentencing claims in a § 2255 petition since, by the agreement's terms, he has waived that right. However, the Court need decide whether a voluntary waiver of the right to petition pursuant to § 2255 satisfies the first prong of the "savings clause" exception, since Petitioner cannot satisfy the second prong, i.e., actual innocence. Petitioner has never claimed actual innocence regarding the federal charges and, as the discussion *infra* shows, his claim regarding the miscalculation of federal credits is entirely without merit.

Moreover, even were that not the case, as Respondent correctly points out, nothing in the record now before the Court even suggests, much less establishes, that the original plea agreement included a provision for awarding essentially double credits to Petitioner for the time between April 1999 and December 1999. The docket for the sentencing court is devoid of any reference to any such additional credits. (Doc. 16, Ex. 2, p. 23). Also, in the Presentence Investigative Report, it specifically indicates that the "parties understand that any recommendation by the government can in no way bind the Court or the Bureau of Prisons." (Doc. 16, Attach. 3).

Accordingly, to the extent that the petition can be construed as raising only a claim of the breach of Petitioner's plea agreement, this Court lacks jurisdiction to consider it and the matter is properly raised in a § 2255 proceeding in the sentencing court. To the extent that the petition can be construed as directly raising a claim of miscalculation of credits by the BOP, that claim, as discussed *infra*, is without merit.

D. BOP Correctly Calculated Petitioner's Credits.

Petitioner alleges that he has been denied credit against his federal sentence for time spent in custody from April 26, 1999 to December 8, 1999. (Doc. 1). The Court disagrees.

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 1354-55 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert*

1  *denied*, 525 U.S. 1091 (1999).  "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody."  <u>United States v. Smith</u>, 812 F.Supp 368, 370 (E.D.N.Y. 1993); <u>Jimenez v. Warden, FDIC, Fort Devens, Mass</u>., 147 F.Supp.2d 24, 27 (D.Mass.2001); <u>Chambers v. Holland</u>, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996).

      1.  <u>Petitioner's Federal Sentence Commenced On December 8, 1999.</u>

A federal sentence commences "on the date the defendant is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1369 (9th Cir. 1991).  Here, Petitioner was sentenced by the Middle District of Tennessee on December 8, 1999 to serve his federal sentence.  Prior to this date, Petitioner was serving only his state sentence.  There is no dispute that Petitioner is entitled to credit against his federal sentence after December 8, 1999; likewise, there is no contention raised herein that he has not fully been given such credit.  Petitioner, however, contends that his federal sentence actually commenced on the date he was "borrowed" by federal authorities, i.e., April 26, 1999, until his sentencing in federal court, i.e., December 8, 1999.  Petitioner is mistaken.

<u>Thomas v. Brewer</u> is dispositive of the date Petitioner's federal sentence commenced.  In that case, petitioner was arrested on state charges on May 10, 1964.  While in state custody, he was charged in federal court with armed bank robbery.  On three occasions--June 15, 1964, June 23, 1964, and August 4, 1964--petitioner was brought to federal court on a writ of habeas corpus ad prosequendum to answer the federal charges.  On the final occasion, August 4, 1964, petitioner was sentenced to the "maximum period prescribed by law."  <u>Thomas</u>, 923 F.2d at 1363.

After his sentencing in federal court, petitioner was returned to state authorities in Los Angeles, where, on August 28, 1964, he appeared in state court and was sentenced to two concurrent terms.  <u>Id</u>.  On February 11, 1965, petitioner was sentenced in state court to a term of life on yet another charge.  <u>Id</u>. at 1364.  Thomas began serving his state term in California State Institution, Chino, on February 23, 1965.  <u>Id</u>.  On November 23, 1966, pursuant to a recommendation of the state court, petitioner was turned over to U.S. marshals to enable concurrent service of petitioner's

federal and state terms.  At an unknown date in December 1966, petitioner was delivered to the Federal Correctional Institute, Lompoc, California.  Id.

Thomas contended in a federal habeas petition that he should be given credit for time in custody between August 4, 1964 and November 23, 1966.  Id.  The federal district court disagreed and denied Thomas' petition.  Id.  The Ninth Circuit affirmed, rejecting Thomas' contention that he was in federal custody at the time of his initial federal sentencing on August 4, 1964, and that his federal sentence should therefore run from that date.  Id.  In so doing, the Ninth Circuit upheld the district court's determination that Thomas' sentence commenced to run on November 23, 1964, the date he was originally released from state prison and turned over to the custody of U.S. marshals for concurrent service.  Id. at 1369 ("Thomas's sentence could not have begun to run until he was received at an institution either to serve his sentence, or to be transported to another institution where his sentence was to be served.").

Subsequently, the Ninth Circuit, relying on Thomas, has further explained as follows:

> Courts have interpreted § 3585(a) to mean that a federal sentence cannot begin before the defendant has been sentenced in federal court.  See United Sates v. Gonzalez, 192 F.3d 350, 355 (2d Cir. 1999)(holding that a district court cannot "backdate" a federal sentence to the beginning of a state prison term on related state charges); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011).

Applying these principles, it is abundantly clear that Petitioner was not "received into custody...to commence service of sentence at the official detention facility at which the sentence is to be served" on April 26, 1999; rather, on that date he was merely "borrowed" by federal authorities for purposes of the federal charges that were filed against him and for which he was later convicted on December 8, 1999.  On the other hand, and pursuant to § 3585, Petitioner was indeed "received into custody" for such service of his federal sentence on December 8, 1999, when the U.S. District Court for the Middle District of Tennessee imposed its sentence.  Thomas, 923 F.2d at 1369; see United States v. Segal, 549 F.2d 1293, 1301 (9th Cir. 1977)("a federal term cannot begin until a prisoner has been received by federal authorities"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976)("Unless time is served in federal custody, it does not count as credit for time served under

a federal sentence"); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950)("his Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary"). Accordingly, December 8, 1999 was the date when Petitioner's federal sentence "commenced."

### 2. No Entitlement To Credit For Federal Custody Time Pursuant To A Writ of Habeas Corpus Ad Prosequendum.

Insofar as Petitioner alleges that his federal sentence commenced when he was first produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum, i.e., on April 26, 1999, he is also mistaken. It has long been the law that the production of a defendant in state custody to a federal court pursuant to a writ of habeas corpus ad prosequendum does *not* constitute the commencement of a sentence under federal law and thus does not, by itself, trigger the earning of federal credits. Schleining, 642 F.3d 1242 (temporary transfer of a prisoner from state prison to the BOP's custody for purposes of federal prosecution does not interrupt his state custody); Reynolds v. Thomas, 603 F.3d 1144, 1152, n. 8 (9th Cir. 2010)(when defendant is brought from state custody to appear in federal court pursuant to writ of habeas corpus ad prosequendum, he is still primarily in state custody and the state's priority of jurisdiction remains uninterrupted); Taylor v. Reno, 164 F.3d 440, 444-45 (9th Cir. 1998), cert. denied, 527 U.S. 1027 (1999)(transfer to federal court pursuant to writ of habeas corpus ad prosequendum does not transform a state prisoner into a federal prisoner); Thomas, 923 F.2d at 1366-67. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner upon satisfaction of the state term. Taylor, 164 F.3d at 445; Thomas, 923 F.2d at 1366-67. As the Ninth Circuit has held:

> When an accused [in state custody] is transferred [to federal custody] pursuant to a writ of habeas corpus ad prosequendeum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.

Thomas, 923 F.3d at 1367, *quoting* Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978), *cert. denied*, 441 U.S. 934 (1979). Thus, in this case, the State of Tennessee had primary jurisdiction over Petitioner until 2005, when Petitioner completed his state prison term and was returned to federal custody to serve the remainder of his federal term. Thereafter, primary jurisdiction then reverted to

the federal government. More to the point, however, during the period from April 26, 1999 until December 8, 1999, while Petitioner was "on loan" to federal authorities pursuant to a writ of habeas corpus ad prosequendum, the State of Tennessee's jurisdiction over Petitioner remained uninterrupted, and thus Petitioner was not entitled to earn federal custody credits during that period. Hence, Petitioner is not entitled to credit against his federal sentence for the time between the original date Petitioner was "borrowed" by federal authorities the date of his federal conviction, merely because he was in physical custody of federal authorities pursuant to a writ of habeas corpus ad prosequendum. 18 U.S.C. § 3585(a).[1]

Moreover, § 3585(b) expressly prohibits an award of federal credits where the period of detention was already "credited against another sentence." § 3585(b). It is undisputed that the State of Tennessee credited Petitioner with state credits for his entire state prison term; thus, federal law precludes any award of double credits to Petitioner for that same period. See United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct. at 1351 (1992)(in the 1987 revision of § 3585, Congress "made clear that a defendant could not receive double credit for his detention time"); see, e.g., Goble v. Thomas, 2012 WL 4050074 *8 (Sept. 13, 2012 E.D. Cal.)(no double credits allowed); De Leon v. Copenhauer, 2012 WL 5906551 *3 (Nov. 26, 2012 E.D. Cal.)(same); Shanks v. Thomas, 2012 WL 2995481 *4 (July 23, 2012 E.D. Cal.)(same). For all of the reasons set forth above, the Court finds Petitioner is not entitled to habeas corpus relief.

Moreover, under the plain language of 28 U.S.C. § 2253(c)(1), a petitioner is not required to obtain a certificate of appealability in order to appeal the denial of a § 2241 petition. Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). Although state prisoners proceeding under § 2241 must obtain a certificate of appealability, see § 2253(c)(1)(A), there is no parallel requirement for federal

---

[1] Petitioner's reliance upon the non-binding comment of the sentencing court that the BOP "should have given [Petitioner] credit on the federal sentence from at least April 26, 1999 until the date of sentencing, December 8, 1999," is entirely misplaced. First, in the context in which it was uttered, it is clear that the sentencing court was merely making an observation, not issuing what it believed to be a binding order. This conclusion is unavoidable because, in virtually the same breath, the sentencing court acknowledged both that it lacked any jurisdiction to alter Petitioner's credits and that only the BOP had such authority. This conclusion is further supported by the fact that, as Respondent correctly points out, the sentencing court offered no reasoning or legal rationale for its comment, it did not specify what facts it was relying on to reach such a conclusion, and the court made its unsolicited comment without benefit of any legal briefing or argument. Accordingly, the Court views those comments as gratuitous dicta and sees nothing in them that would suggest that the sentencing court's comments were either intended to be binding or that they actually are binding under some theory of res judicata or law of the case.

prisoners. Id.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss for lack of jurisdiction (Doc. 16), is GRANTED;
2. Alternatively, the petition is DENIED on the merits;
3. The Clerk of the Court is DIRECTED to enter judgment for Respondent and close the file;
4. Petitioner's motion to appear (Doc. 12), is DENIED; and,
5. No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **November 30, 2012**                          **/s/ Jennifer L. Thurston**
                                                                                UNITED STATES MAGISTRATE JUDGE